Martin H. ESCOBAR, Plaintiff–
Appellant,

and

City of Flagstaff; City of San Luis;
City of Somerton; City of Tolleson,
Intervenor–Plaintiffs,

v.

Jan BREWER, Governor of the State of
Arizona, in her official and individual
capacities, Defendant–Appellee,

and

City of Tucson, a municipal cor-
poration; City of Phoenix,
Defendants.

No. 10–16946.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 18, 2011.

Filed Dec. 1, 2011.

Richard Moreno Martinez, Esquire, Law
Office of Richard M. Martinez, Tucson,
AZ, Augustine B. Jimenez, III, Esquire,
Stephen Montoya, Montoya Jimenez, PA,
A Professional Association of Lawyers,
Phoenix, AZ, for Plaintiff–Appellant.

Joseph G. Adams, John Bouma, Robert
Arthur Henry, Snell & Wilmer L.L.P., Jo-
seph Andrew Kanefield, General Counsel,
Office of the Governor, Phoenix, AZ, for
Defendant–Appellee.

Before: FARRIS, NOONAN, and BEA,
Circuit Judges.

MEMORANDUM *

The district court dismissed this case on
the ground that plaintiff-Appellant Esco-
bar lacks standing to bring his challenges
to Arizona's 2010 immigration law known
as S.B. 1070. On appeal, Escobar con-
tends: (1) that he has standing as a police
officer "mandated to enforce S.B. 1070,";
(2) that he has standing to challenge the
law as a "Hispanic residing in Arizona,";
and (3) in the alternative, the court should
have granted Escobar leave to amend his
complaint. All of these contentions fail,
and we affirm the district court in all
respects.[1]

Escobar contends that "if he refuses to
enforce the Act, he can be disciplined by
his employer or subjected to costly en-
forcement actions," but if he enforces it he
"can be subjected to costly civil actions
alleging the deprivation of civil rights of
the individual against whom he enforces
the Act." This theory of standing is fore-
closed by this court's decision in *City of S.
Lake Tahoe v. Cal. Tahoe Reg'l Planning
Agency*, 625 F.2d 231 (9th Cir.1980), which
is directly on point.

Nor does Escobar have standing to chal-
lenge S.B. 1070 as a "Hispanic residing in
Arizona," since he has alleged insufficient
facts in his complaint that could allow a
court to infer injury on this basis. Mere
conclusory allegations are not enough to
establish the "concrete and particularized"

---

* This disposition is not appropriate for publica-
tion and is not precedent except as provided
by 9th Cir. R. 36–3.

1. Because the parties are familiar with the
facts of the case, we repeat them here only as

necessary to explain our decision. Our juris-
diction is pursuant to 28 U.S.C. § 1291, and
jurisdiction below was pursuant to 28 U.S.C.
§ 1331.

injury required for standing under Article III. *See, e.g., Carrico v. City & Cnty. of San Francisco,* 656 F.3d 1002, 1006 (9th Cir.2011).

Finally, the district court was not required to dismiss the complaint with leave to amend. Escobar never requested leave to amend and "[w]here a party does not ask the district court for leave to amend, the request [on appeal] to remand with instructions to permit amendment comes too late." *Alaska v. United States,* 201 F.3d 1154, 1163–64 (9th Cir.2000).

For the foregoing reasons, the decision of the district court is AFFIRMED.